```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

ANITA KAY BUNT, et al.,      }
                             }
     Plaintiffs,             }
                             }     CIVIL ACTION NO.
v.                           }     05-AR-2101-S
                             }
PROGRESSIVE SPECIALTY        }
INSURANCE COMPANY,           }
                             }
     Defendant.              }
```

**MEMORANDUM OPINION**

The court has before it the motion of plaintiffs, Anita Kay Bunt and James Bunt ("the Bunts"), to remand this action to state court. For the reasons hereinafter stated, the court finds that it lacks subject matter jurisdiction and that the motion to remand is due to be granted. If a motion to remand had not been filed this case would have been remanded on the court's own motion.

*Facts and Procedural History*

The Bunts, who are Alabama residents, filed a tort complaint for personal injury against Whalen E. Thomason ("Thomason"), another Alabama resident, on February 22, 2005, in the Circuit Court of Jefferson County, Alabama. Soon thereafter, Progressive Specialty Insurance Company ("Progressive"), an Ohio corporation that covered the Bunts for liability by uninsured and underinsured tortfeasors, intervened as a defendant in the action, and filed a crossclaim against Thomason.

In response, the Bunts amended their complaint to assert direct claims against Progressive including breach of contract, bad faith, fraud, and negligent claim handling. Progressive then filed what it called a "Motion to Sever" the claims asserted in the Bunts' amended complaint pursuant to Ala.R.Civ.Pro. 42(b), citing the benefit to "expedition and economy" that would result, but acknowledging that "each and every claim asserted in plaintiff's Amended Complaint, to be a potentially viable claim, is dependent upon the plaintiff obtaining a judgment as a matter of law as to the claims against the defendant in the original complaint."

The state court granted Progressive's motion "in part," ordering that the original claims "shall be tried first and then the Plaintiff's claims against Progressive and Progressive's crossclaim against Thomason are bifurcated and will be tried immediately thereafter." The state court did not assign a new docket number to the "severed" claims. Nevertheless, Progressive filed a motion for removal as to those claims, purporting to invoke this court's 28 U.S.C. § 1332 jurisdiction by virtue of the diversity of citizenship between the Bunts and Progressive and the existence of more than $75,000 in controversy between them.

***Analysis***

It is axiomatic that the original jurisdiction of this court is bounded both by Article III of the U.S. Constitution and by Acts of Congress. Because 28 U.S.C. § 1441 allows for the removal of all disputes over which the federal court could have exercised original jurisdiction, 28 U.S.C. § 1332 is the relevant limitation here. Progressive asserts that the state court's cryptic partial granting of Progressive's motion to sever created a new and independent cause of action which became removable because of the parties' complete diversity.

Separating the wheat from the chaff in Progressive's argument, it is beyond question that removal was improper. In removing this case, Progressive confused the procedural mechanics of an Ala.R.Civ.Pro. 42(b) motion for separate trials with an Ala.R.Civ.Pro. 21 motion for severance of claims.[1] This confusion is understandable, considering that courts use the terms "severance," "bifurcation," and "separate trials" interchangeably, albeit imprecisely and willy-nilly. Nevertheless, the motions are functionally distinct, and that distinction determines the outcome of the jurisdictional issue.

A Rule 21 motion for severance, if granted, produces a separate and independent cause of action with its own final, appealable judgment, *Key v. Robert M. Duke Ins. Agency*, 340 So.

---

[1] Rule 21 is invoked more frequently to sever parties than to sever claims, but both procedures are available.

2d 781, 783 (Ala. 1976), and such a severance can effect diversity jurisdiction. *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985). Progressive did not file a Rule 21 motion. A Rule 42(b) motion, on the other hand, creates what is commonly called a "bifurcated trial," *e.g.*, *Mutual Assur., Inc. v. Chancey*, 781 So. 2d 172, 176 (Ala. 2000), and is frequently employed to compartmentalize the liability and damages phases of a trial. *See, e.g.*, *Coburn v. Am. Liberty Ins. Co.*, 341 So. 2d 717, 719 (Ala. 1977); *Universal Underwriters Ins. Co. v. E. Cent. Ala. Ford-Mercury, Inc.*, 574 So. 2d 716, 724 (Ala. 1990). Progressive only invoked Rule 42(b). The Rule 42 "separate trials" result in only one judgment. *E.g.*, *Key*, 340 So. 2d at 783. It follows logically that, while it may be possible that a Rule 21 severance could produce a distinct cause of action removable under § 1332, a Rule 42(b) "bifurcation" could not have that effect. *See Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir. 1980).

In determining which type of "severance" occurred in this case, both the form and the substance of the state court proceedings are relevant. *Key*, 340 So. 2d at 783. As to the form, Progressive invoked Ala.R.Civ.Pro. 42(b) in its motion to sever, and its request tracked that rule's "expedition and economy" language. The state court's order describes the new arrangement as a "bifurcation," the common term for separate trials,

4

evidencing the court's intent. Progressive did specifically use the word "severance," but the use of this imprecise term is not determinative when all other factors weigh against a Rule 21 motion. The form of Progressive's motion and the state court's order indicate that Rule 42(b) "separate trials" were created.

The substance of the transaction buttresses this conclusion. Most importantly, the state court did not assign a new docket number to the "severed" case. In addition, both the motion to sever and the state court's order appear to have contemplated the arrangement in Rule 42(b). The former's language clearly intends a degree of interdependence of the two sets of claims which would be absent after a Rule 21 severance. The latter bifurcates certain claims, and orders that the original claims be tried first, with the additional claims "tried immediately thereafter," as would generally be the procedure under Rule 42(b). As with the form of the state court proceedings, it would be a mistake to characterize their substance as anything other than the granting of a Rule 42(b) motion.

Furthermore, it would be an intolerable anomaly for a party that voluntarily intervened in a state court proceeding as a defendant in an otherwise non-removable case to thereafter bootstrap removability for itself. Removability is something created by the action of the party who picked the state forum and not by the party who wants a federal forum. Here, Progressive is

5

asking this court to take away the Bunts' right to appeal from a state court order entered at the removing defendant's request.[2]

### *Conclusion*

The conclusion that this case was improvidently removed is inescapable. Complete diversity is lacking, and the court will, by separate order, grant plaintiff's motion and remand the case to the Circuit Court of Jefferson County, Alabama.

DONE this 31st day of October, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The court need not address the Bunts' other arguments for remand, as they are derivative of the severance issue, and their resolution is unnecessary to the court's holding.